LIN CHEN, Petitioner,

v.

U.S. DEP'T OF JUSTICE, Attorney General, & Immigration and Naturalization Service, Respondents.

No. 06–2526–ag.

United States Court of Appeals, Second Circuit.

July 31, 2007.

Lin Chen, pro se, New York, New York, for petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Jeffrey J. Bernstein, Senior Litigation Counsel, R. Alexander Goring, Attorney, Office of Immigration Litigation, Washington, D.C., for respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Lin Chen (Chen), a native and citizen of the People's Republic of China (PRC), petitions *pro se* for review of the BIA's May 2, 2006 order affirming Immigration Judge (IJ) Sandy Hom's December 2, 2004 decision denying Chen's application for asylum and withholding of removal. *In re Lin Chen,* No. 97 660 744 (B.I.A. May 2, 2006), *aff'g* No. A 97 660 744 (Immig. Ct. N.Y. City Dec. 2, 2004). Chen also seeks relief under the Convention Against Torture, but Chen expressly waived this claim before the IJ and we do not consider it now.

Where, as here, the BIA summarily affirms the IJ, the court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Chen contends that he is eligible for asylum and withholding of removal because PRC authorities sought to arrest him and make him pay a fine after he impregnated Wang Shen (Wang), whom he described in his brief as his "common law wife" and in his asylum application as his "fianc[eé]," and that she was forced to have an abortion. We are troubled that the IJ found Chen's claim that he is "wanted by the [PRC] authorities" for this conduct to be incredible because those authorities issued him an identification card in July 2003. In fact, the identification card was issued to Wang, not Chen. The IJ's adverse credibility determination relied entirely on this erroneous analysis of Wang's identification card, and thus it cannot stand. Nonetheless, remand is unnec-

essary in this case because even if Chen's claims are credited, they do not as a matter of law establish that Chen suffered past persecution or that he has an objectively reasonable fear of future persecution.

■ This Court recently clarified the scope of 8 U.S.C. § 1101(a)(42), the provision of the Immigration Reform and Immigrant Responsibility Act of 1996 that deems "a person who has been forced to abort a pregnancy" to have suffered *per se* political persecution for purposes of proving an asylum claim. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). We held that "the statute does not provide that a spouse— and *a fortiori*, a boyfriend or fiancé—of someone who has been forced to undergo, or is threatened with, an abortion or sterilization is automatically eligible for 'refugee' status." *Id.* at 309. Thus, regardless of whether Wang is Chen's common law wife or fianceé, Chen has not suffered persecution *per se* because of Wang's alleged forced abortion.

■ Nor has Chen demonstrated that he has been persecuted for resisting the PRC's coercive family planning policy. *See id.* at 313 ("the fact that an individual's spouse has been forced to have an abortion or undergo involuntary sterilization does not, on its own, constitute resistance to coercive family planning policies"). Chen contends that PRC officials came to him to order him to pay a fine, but this does not by itself constitute a "deliberate imposition of a substantial economic disadvantage" that might rise to the level of persecution. *See, e.g., Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (con-

cluding that petitioner's nonspecific claims that PRC imposed a fine for violation of family planning law did not establish persecution). Although Chen claims that PRC authorities sought to arrest him, he concedes that they did not succeed.

■ Chen cannot prevail on the alternative test for securing asylum—demonstration of a well-founded fear of future persecution irrespective of any past persecution he may have suffered. *Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir.2006). The IJ's factual findings that Chen "has never been sterilized, ... arrested, [or] imprisoned"—findings that Chen does not dispute—support the conclusion that he has no objective basis for fearing that PRC authorities would persecute him for violating the family planning law were he returned to the PRC.[1] Chen's claims are too unsubstantiated and speculative to establish that he has the "well-founded fear of future persecution" necessary for asylum or that his "life or freedom would more likely than not be threatened," as required for withholding of removal. *Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281 (2d Cir.2006) (internal quotation marks omitted).

For the foregoing reasons, Chen's petition for review is DENIED and the BIA's order is AFFIRMED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

---

1. To the extent that Chen argues that he has a well-founded fear of future persecution merely because PRC authorities might learn that he left the PRC illegally and has applied for asylum in the United States, criticizing the PRC government in the process, the record does not show that Chen raised this argument before the BIA, and thus we will not consider it now. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 320–21 n. 1 (2d Cir. 2006).